UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
VITOLI MOURZAKHANOV,

                Plaintiff,                        BLACK & DECKER (U.S.) INC.'S
                                                            INITIAL DISCLOSURE
    -against-

                                                               Civil Action No.: 07 CV 6205(LAK)
DEWALT INDUSTRIAL TOOL CO.,
DEWALT CONSTRUCTION TOOLS and
BLACK AND DECKER (U.S.) INC.,

                Defendants.
------------------------------------------------------------X

        Defendant, Black & Decker (U.S.) Inc. ("Black & Decker" or "Defendant") provides the following initial disclosures to Plaintiff:

### INTRODUCTORY STATEMENT

        The following disclosures are made based on the information reasonably available to the Defendant as of the date of this pleading. In making these disclosures, Black & Decker assumes the product at issue is a DW304 Reciprocating Saw, though Black & Decker has not yet had the opportunity to inspect the product at issue to confirm it is a Black & Decker product and to confirm the model number and the manufacture date of the product. By making these disclosures, the Defendant does not represent that it is identifying every possible witness likely to have discoverable information that the Defendant may use to support its claims or defenses, nor does the Defendant represent that it is disclosing every possible document, data compilation or tangible thing that the Defendant may use to support its claims or defenses. Rather, the Defendant represents its good faith effort to identify information subject to the disclosure requirements of Rule 26(a)(1). Furthermore, the Defendant does not waive its right to object to production of any document or tangible thing on

the basis of any privilege, the work product doctrine, relevancy, undue burden, or any other valid objection.

### Individuals Likely To Have Discoverable Information

1.  The custodian(s) of the records of any police department that investigated this accident or the records of any OSHA investigation into this accident and/or the workplace at issue.

2.  Vitoli Mourzakhanov

3.  Witnesses to the alleged accident, if any.

4.  Representatives of the Plaintiff's employer, Crestwood Mechanical Co., Inc.

3.  Theodore Mitrou, Senior Safety Assurance Manager, Black & Decker, 701 East Joppa Road, Towson, Maryland 21286. Mr. Mitrou has knowledge and information regarding the DW304 Reciprocating Saw manufactured by the Defendant. Mr. Mitrou has knowledge regarding the product design, manufacture, marketing, testing, quality assurance and safety. Mr. Mitrou will conduct an inspection of the product at issue.

The Defendant reserves the right to list additional witnesses revealed during discovery, and to call at trial any witnesses, whether or not they are listed above. The Defendant incorporates by reference the names of any persons disclosed by any other party to this lawsuit through disclosures, answers to interrogatories, responses to document requests, pleadings or otherwise. The Defendant has not yet decided which experts will testify in this matter. The Defendant reserves the right to retain one or more experts as to liability and/or damages.

### Category of Documents

Black & Decker provides the following description, by category, of documents that Black & Decker may use to support its claims and defenses. All categories are located at 701 East Joppa Road, Towson, Maryland 21286. Black & Decker does not identify items that may be used for

{00003996.DOC} BALT01:781071v1|ZBPPT-001005|11/20/2003

impeachment or rebuttal. Black & Decker reserves the right to identify additional items that may be used at trial under Rule 702, 703, or 705 of the Federal Rules of Evidence:

1. Exemplar catalog page for the DW304 Reciprocating Saw

2. Service Parts Bulletin for the DW304 Reciprocating Saw

3. Instruction Manual for the DW304 Reciprocating Saw

4. Exemplar DW304 Reciprocating Saw, with packaging

5. Photographs of the DW304 Reciprocating Saw involved in Plaintiff's accident

6. Standards applicable to the DW304 Reciprocating Saw

7. Any documents identified by Plaintiff in Plaintiff's Initial Disclosure

8. Any medical records of the Plaintiff

9. Any accident reports prepared by any law enforcement agency with respect to this accident.

10. Any files maintained by plaintiff's employer and/or Worker's Compensation Carrier with respect to plaintiff or his accident

The following material may be provided subject to a stipulated protective order and after the Defendant has been given an opportunity to inspect the product at issue

1. Development and Testing documents relating to the DW304 Reciprocating Saw;

2. Engineering documents relating to the reciprocating saw, including drawings, diagrams, schematics and engineering changes, if any, applicable to the date of manufacture of the subject DW304 Reciprocating Saw and the allegations in this case;

3. Quality plans applicable to the DW304 Reciprocating Saw

The Defendant reserves the right to list additional documents or tangible things revealed during discovery, and to utilize at trial any materials, whether or not they are listed above. The Defendant incorporates by reference the documents and tangible things disclosed by any other party

to this lawsuit through disclosures, answers to interrogatories, responses to document requests, pleadings or otherwise.

**Insurance Agreements**

Defendant is aware of the following insurance agreements:

Black & Decker is insured pursuant to Shenandoah Insurance, Inc., policy number CGL500300. The policy provides liability coverage limits of $5,000,000.00 per occurrence. A copy of the relevant Declaration pages will be provided under separate cover.

Dated: New York, New York
      October 4, 2007

                                        Yours, etc.,

                                        CALINOFF & KATZ, LLP

BY: _____
                                        Robert A. Calinoff (RAC5743)
                                        Attorneys for Defendant
                                        BLACK & DECKER (U.S.) INC. s/h/a
                                        DEWALT INDUSTRIAL TOOL CO.
                                        DEWALT CONSTRUCTION TOOLS
                                        and BLACK AND DECKER (U.S.) INC.
                                        140 East 45th Street
                                        17th Floor
                                        New York, New York 10017
                                        (212) 826-8800

TO:

John E. Durst, Jr.
THE DURST LAW FIRM, P.C.
Attorneys for Plaintiff
319 Broadway
New York, New York 10007
(212) 964-1000

STATE OF NEW YORK )
                  :ss
COUNTY OF NEW YORK )

Sergellys Martinez, being duly sworn, deposes and says:

Deponent is not a party to the action, is over 18 years of age and resides in Bronx, New York;

On October 4, 2007, deponent served the within BLACK & DECKER (U.S.) INC.'S INITIAL DISCLOSURE upon:

John E. Durst, Jr.
The Durst Law Firm, P.C.
Attorneys for Plaintiff
319 Broadway
New York, New York 10007

by depositing a true copy of same enclosed in a post paid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

_____
Sergellys Martinez

Sworn to before me this
4th day of October, 2007

_____
Notary Public

CLAUDIA BLANCHARD
Notary Public, State of New York
No. 01BL6160575
Qualified in Queens County
Commission Expires Feb. 12, 20__

{00003748.DOC}
00003748