# CALINOFF & KATZ LLP

ROBERT A. CALINOFF
RCALINOFF@CANDKLAW.COM

February 25, 2008

**VIA ECF AND HAND DELIVERY**

Justice Lewis A. Kaplan
United States District Court Judge
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

Re:   Vitoli Mourzakhanov vs. DeWalt Industrial Tool Co, et al
      07 CIV 6205 (LAK)

Honorable Sir:

We are counsel to defendant Black & Decker (U.S.) Inc. s/h/a DeWalt Industrial Tool Co., in the above captioned matter. We write to you on a hybrid issue that may require a pre-motion conference, pursuant to your rules, to the extent that it touches upon discovery issues. This is a nonjury products liability case in which plaintiff alleges he lacerated his hand while using a DeWalt reciprocating saw.

In accordance with a Stipulation, So Ordered by Your Honor on January 3, 2008: "Plaintiff's expert disclosure pursuant to Rule 26(a)(2) to be served no later than 2/15/08. Defendant's expert disclosures pursuant to Rule 26(a)(2) to be served no later than 2/28/08." (Exhibit "A" herewith)

On February 12, 2008 John E. Durst, Jr., counsel for plaintiff, wrote to the Court requesting a 30 day extension, to serve his expert disclosure, from February 15, 2008 to March 15, 2008. This would have, likewise, extended defendant's date to reply. (Exhibit "B" herewith)

Plaintiff did not serve expert disclosure "no later than February 15, 2008". To date, plaintiff has yet to serve expert disclosure. Of necessity, defendant's expert disclosure, which should be in the nature of reply, must be filed by February 28th. Defendant's disclosure will be addressed to the design of the saw and the accident in a more general manner than would have normally been contemplated in the absence of a specific defect claim from plaintiff. However, should the Court relieve plaintiff of this default defendant requests the opportunity to supplement its disclosure.

By endorsed memo dated February 21, 2008 and filed February 22, 2008, the Court denied plaintiff's application for an extension. Defendant seeks to move to preclude plaintiff from offering any expert testimony at trial due to plaintiff's discovery default. (Exhibit "C" herewith)

This motion, which would normally be in the nature of a motion in limine at trial, is made as a motion to preclude during discovery since a preclusion order at this time would obviate the expenditure of time and costs from the parties to travel to Boston to depose plaintiff's putative expert. The order of January 3, 2008 contemplated expert depositions in March, with all depositions to be completed by April 1, 2008.

CALINOFF & KATZ LLP

Justice Lewis A. Kaplan
United States District Court Judge
United States District Court
Southern District of New York
February 25, 2008
Page 2

We therefore request a pre-motion conference on this issue or the Courts' advice that such a conference is not necessary.

Should the Court order such a conference, I respectfully request it be held after March 11, 2008 as I will be in China from February 27, 2008 to March 11, 2008.

Thank you for your consideration of this matter.

Respectfully submitted,

Robert A. Calinoff (RAC5743)

RAC:cb
Enclosure
cc: John E. Durst, Jr., Esq. (via e-mail and regular mail)

**Robert Calinoff**

From: NYSD_ECF_Pool@nysd.uscourts.gov
Sent: January 03, 2008 03:43 PM
To: deadmail@nysd.uscourts.gov
Subject: Activity in Case 1:07-cv-06205-LAK Mourzakhanov v. Dewalt Industrial Tool Co. et al Stipulation and Order

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing.

## U.S. District Court

## United States District Court for the Southern District of New York

**Notice of Electronic Filing**

The following transaction was entered on 1/3/2008 at 3:43 PM EST and filed on 1/3/2008
**Case Name:** Mourzakhanov v. Dewalt Industrial Tool Co. et al
**Case Number:** 1:07-cv-6205
**Filer:**
**Document Number:** 10

Docket Text:
STIPULATION: All deposition to be completed by 4/1/08. Discovery cut off by 4/1/08. Plaintiff's expert disclosure pursuant to Rule 26(a)(2) to be served no later than 2/15/08. Defendant's expert disclosure pursuant to Rule 26(a)(2) to be served no later than 2/28/08. Joint Pretrial Order shall be filed on or before 5/1/08. (Signed by Judge Lewis A. Kaplan on 1/3/08) (tro)


1:07-cv-6205 Notice has been electronically mailed to:

Robert A. Calinoff rcalinoff@candklaw.com

1:07-cv-6205 Notice has been delivered by other means to:

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1008691343 [Date=1/3/2008] [FileNumber=4130749-0]
[903d200b63f97c36b8a1c34de17d1feb536b67a03e553fdfb36b0f5b8e97286a7cb5
cd8b439fd9c2a50b8f0b5cb1d207bd23d1b09c10f2845092ee9659e3f396]]

EXHIBIT "A"

2/25/2008

# THE DURST LAW FIRM, P.C.

John E. Durst, Jr. *
Of Counsel:
Moses Apsan **
Andrew Bersin *
Jeffrey Galpern *
Jaghab, Jaghab & Jaghab

A Professional Corporation of Attorneys
* Admitted NY
** Admitted NY and NJ

☐ Newark Office:
Durst & Apsan
400 Market Street
Newark, NJ 07105
(973) 465-7600
Fax: (973) 465-5936

☐ Main Office:
The Durst Law Firm, P.C
319 Broadway
New York, NY 10007
(212) 964-1000
Fax: (212) 964-1400

E-Mail john@nynylaw.com
Web Page: http:\\www.nynylaw.com

February 12, 2008

Hon. Lewis A. Kaplan
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: Request to amend Case Management Order
    Mourzakhanov v. DeWalt, 07-cv-06205(LAK)

Dear Judge Kaplan:

In this products liability case, we aspired to an abbreviated discovery schedule, but despite good faith efforts of all parties, the depositions were just completed today, and important information agreed to be provided during the depositions is being searched for.

Expert disclosure is scheduled for exchange February 15, 2008. Rather than provide incomplete expert reports, it is respectfully requested that the Case Management Order be modified by extending the deadlines for 30 days. Attached is a proposed amended Case Management Order.

I am making this request jointly with counsel for the defendant.

Very truly yours,

John E. Durst, Jr.

Cc: Robert Calinoff, Esq.
    Counsel for Defendant

EXHIBIT "B"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
VITALI MOURZAKHANOV,

            Plaintiff,

   -against-

DEWALT INDUSTRIAL TOOL CO.,
DEWALT CONSTRUCTION TOOLS and
BLACK AND DECKER (U.S.) INC

            Defendants.
------------------------------------X

STIPULATION

07 CV 6205 (LAK)

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/22/08

IT IS HEREBY STIPULATED BY AND BETWEEN the attorneys for the parties in the above-captioned matter that the Consent Scheduling Order signed by Honorable Lewis A. Kaplan on December 21, 2007 be amended as follows:

1. All depositions to be completed by May 1, 2008;

2. Discovery cutoff by June 1, 2008;

3. Plaintiff's expert disclosure pursuant to Rule 26(a)(2) to be served no later than March 15, 2008;

4. Defendants' expert disclosure pursuant to Rule 26(a)(2) to be served no later than April 15, 2008;

5. Joint Pretrial Order in the form prescribed in Judge Kaplan's Individual Rules shall be filed on or before June 1, 2008.

Dated: New York, New York

MEMO ENDORSED
In the absence of any objection for an extension, application denied.
SO ORDERED
L. Kaplan, USDJ 2/25/08

EXHIBIT "C"