UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
VITOLI MOURZAKHANOV,

                Plaintiff,                        EXPERT DISCLOSURE OF
                                                          RICHARD OTTERBEIN, P.E.
   -against-

                                                          Civil Action No.: 07 CV 6205(LAK)
DEWALT INDUSTRIAL TOOL CO.,
DEWALT CONSTRUCTION TOOLS and
BLACK AND DECKER (U.S.) INC.,

                Defendants.
------------------------------------------------------------X

       Defendant, Black & Decker (U.S.) Inc. s/h/a DeWalt Industrial Tool Co., DeWalt Construction Tools and Black & Decker (U.S.) Inc., by their attorneys, Calinoff & Katz LLP, and pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure, provide the following disclosure concerning their liability expert expected to testify at trial:

      1.      Richard Otterbein, P.E., as an expert witness to testify at trial.

            a.      A copy of Mr. Otterbein's report is annexed hereto as Exhibit "A." Mr. Otterbein's report, at page 1, provides the information considered by the witness in forming his opinions.

            b.      All publications authored by Mr. Otterbein are listed within his Curriculum Vitae. See Exhibit "B."

            c.      The compensation to be paid for the study and testimony of Mr. Otterbein is $275 per hour, plus expenses.

            d.      A listing of other cases in which Mr. Otterbein has testified as an expert at trial or deposition within the last four years is attached as Exhibit "C."

{00004297.DOC}

   e. A copy of Mr. Otterbein's Curriculum Vitae is attached as Exhibit "B."

Dated: New York, New York
   February 27, 2008

                Yours, etc.,

                CALINOFF & KATZ LLP

         BY: _____
                Robert A. Calinoff (RAC5743)
                Attorneys for Defendant
                BLACK & DECKER (U.S.) INC. s/h/a
                DEWALT INDUSTRIAL TOOL CO.
                DEWALT CONSTRUCTION TOOLS
                and BLACK AND DECKER (U.S.) INC.
                140 East 45th Street
                17th Floor
                New York, New York 10017
                (212) 826-8800

TO:

John E. Durst, Jr.
THE DURST LAW FIRM, P.C.
Attorneys for Plaintiff
319 Broadway, 4th Floor
New York, New York 10007
(212) 964-1000

{00004297.DOC}

# AFFILIATED ENGINEERING LABORATORIES, INC.
*Engineering Consultants*

Physical Location:
777 New Durham Road
Edison, NJ 08817

P.O. Box 3300
Edison, NJ 08818-3300

Phone (732) 429-1200
Fax (732) 429-1201
www.affiliatedinc.net

February 27, 2008

Calinoff & Katz LLP
140 East 45th Street
17th Floor
New York, New York 10017-3144

Attention: Robert A. Calinoff, Esq.

      Re: Mourzakhanov v. Black & Decker (U.S.) Inc.
        Our File No. R-4192

Dear Mr. Calinoff:

  In accordance with your request, the writer has reviewed file material concerning the captioned matter. In particular, the following information has been evaluated:

1. Summons and Verified Complaint,
2. Verified Answer to Complaint,
3. Plaintiff's Automatic Disclosure,
4. Medical documents,
5. State Insurance Fund file,
6. DVD produced by the Durst Law Firm,
7. Instruction Manual for DeWalt Model DW303, DW303M, DW304P Variable Speed Reciprocating Saw,
8. Service Parts Bulletin for Black & Decker Model DW304PK, Type: 1, Reciprocating Saw Kit,
9. Photographs and diagram of the accident scene produced by others,
10. Underwriters Laboratories Inc. (UL) Test Report (File E173915) concerning Model DW304P VS Reciprocating Saw, and
11. Deposition (EBT) transcripts of Vitali Mourzakhanov (2 transcripts and video footage of the proceedings), James DeMaria, and Ted Mitrou, including marked exhibits.

  Furthermore, the writer has reviewed technical standards and regulations related to this matter, including Underwriters Laboratories, Inc. (UL) Standard UL 745-1 (Canadian Standards Association [CSA] CAN/CSA-C22.2 No. 745-1) entitled *"Portable Electric Tools"*, UL 745-2-11 (CAN/CSA-C22.2 No. 745-2-11) entitled *"Particular Requirements for Reciprocating*

EXHIBIT "A"

Re: Mourzakhanov v. Black & Decker
February 27, 2008
Page 2 of 5


*Saws"*, UL 60745-1 entitled *"Hand-Held Motor-Operated Electric Tools – Safety – Part 1: General Requirements"* and UL 60745-2-11 entitled *"Hand-Held Motor-Operated Electric Tools – Safety – Part 2-11: Particular Requirements for Reciprocating Saws"*.

Furthermore, on February 19, 2008, the writer traveled to the residential property located at 1255 Morrison Avenue, Bronx, New York, and inspected the property location where, on September 29, 2005, Mr. Vitali Mourzakhanov reportedly became injured while operating a DeWalt Model DW304P variable speed reciprocating saw. Photographs and video footage taken during the inspection were previously forwarded to your office for information and general reference.

According to deposition testimony, in the morning of September 29, 2005, Vitali Mourzakhanov, a mechanic plumber employed by Crestwood Mechanical Company, Inc., was, in conjunction with a team of coworkers, performing plumbing services in the basement area of the multi-family residential occupancy located at 1255 Morrison Avenue, Bronx, New York. The nature of the work to be performed was the installation of a water meter in the domestic water supply piping system contained in a subdivided utility room located in the northeast corner of a basement residential occupancy. The project necessitated the removal and re-orientation of the existing domestic water supply piping to accommodate the installation of the water meter. The piping system was of copper construction, entering the building in a sub-floor pit below a partial plywood platform within the utility room. The pipe was oriented upward from the pit along the east masonry wall to just below the ceiling level and then parallel to the north partition wall, exiting the room at the upper right portion of the west wall. Various cuts were made in the piping system to accommodate the water meter installation.

Subsequent to re-orienting the pipe system to accommodate the installation of the water meter, it was necessary for Mr. Mourzakhanov to cut the copper pipe along the north partition wall to complete the final piping tie-in to the building side of the system. To conduct the cut, Mr. Mourzakhanov allegedly elected to employ a DeWalt Model DW304P variable speed reciprocating saw containing a 6 inch bi-metal saw blade. With the pipe blocked outward approximately 10 inches from the partition wall, Mr. Mourzakhanov picked up the tool, and with his right hand positioned on the D-handle, and his left hand grasping the gripping area of the boot forward on the saw body (fingers perpendicular to the axis of the saw blade), positioned it above his head for a vertical cut from top to bottom. Reportedly, the tool was placed in an angular orientation near the ceiling, with the shoe and saw blade against the copper pipe. Gloves were being worn on both hands at this time. It is alleged as the cut reached a point approximately one-half of the pipe diameter, the saw blade bound in the pipe causing the saw to kickback and his left hand to move forward from the neck of the tool toward the saw blade, with the saw blade entering the web space between the middle and ring fingers and into contact with the palm of his gloved hand. The injury incurred as a result serves as the basis for the captioned claim.

Re: Mourzakhanov v. Black & Decker
February 27, 2008
Page 3 of 5

Measurements taken during the site inspection verified that the copper piping entering the building was 1-1/2 inches in diameter and that the piping transitioned from 1-1/2 inches to 1-1/4 inches in diameter along the north wall where Mr. Mourzakhanov was performing the cut. Remnants of the original piping system left behind (an "L" shaped length of 1-1/4 inch diameter copper pipe) verified that the original piping arrangement extended along the north wall to the east an additional 38-1/2 inches, then across the ceiling approximately 10 inches, and downward to transition/fit-up with the 1-1/2 inch diameter supply piping extending upward from the pit. Further, the writer's site inspection determined that the copper pipe along the north wall, in the area where Mr. Mourzakhanov was attempting the cut, was confined in position with minimum vertical and horizontal clearances for free movement. In particular, the subject pipe located immediately above a parallel building heating system pipe restricting downward movement, behind a cast iron sewer line to the immediate west restricting inward movement (toward the interior of the room), and a horizontal natural gas pipe oriented perpendicular to the copper water pipe at the west partition wall restricting upward movement. The location of the cut was determined to be approximately 74-3/4 inches above the plywood platform standing surface, 3-1/2 inches from the ceiling level, 29-1/4 inches from the west wall and 7 inches (including the pipe diameter) inward from the exterior side of the exposed stud partition wall.

The saw, as well as the saw blade being employed by Mr. Mourzakhanov at the time he was injured, were not retained for inspection after the accident. Hence, the writer examined an exemplar Model DW304P variable speed reciprocating saw that was fitted with a DeWalt 6 inch bi-metal 18TPI saw blade. The tool is designed to provide 0 to 2800 blade strokes per minute and has a stroke length of 1-1/8 inch. The tool is 17-1/2 inches long (without blade) and weighs 7 pounds. The blade exposure of the tool with the 6 inch long blade installed is 4-3/4 inches maximum from the cage to the tip of the saw blade and 3-5/8 inch minimum. The saw blade is powered by an electric motor through a gear type transmission/shaft assembly that imparted the reciprocating motion to the tool clamp shaft. A four position blade clamp arrangement was provided. This arrangement facilitated two directional horizontal and two directional vertical cutting.

Based upon the file material reviewed, the February 19, 2008 site inspection, the exemplar tool inspection, and the foregoing, it is the writer's opinion, to a reasonable degree of engineering and scientific certainty, that the DeWalt Model DW304P Variable Speed Reciprocating Saw was properly designed and manufactured and was reasonably safe and suitable for its intended purpose and use. Further, the subject tool was built in conformance with established engineering and safety practice, as well as industry accepted custom and practice, and did not violate any known applicable design code, standard or other written authoritative document or source prevailing at the time it left the custody and control of the tool manufacturer. In the writer's opinion, the variable speed reciprocating saw was not defective, was equipped with appropriate safeguards, precautionary safety labeling and instructional literature to permit the completion of its intended operation in a safe and acceptable manner.

Re: Mourzakhanov v. Black & Decker
February 27, 2008
Page 4 of 5

As noted above, file documents provided for review included the deposition (EBT) of Mr. Ted Mitrou. Mr. Mitrou is currently employed by Black & Decker as a senior safety assurance manager. Mr. Mitrou testified that he participated in the safety review of the Model DW304P reciprocating saw and that as director of reliability engineering at that time, he would attend the safety reviews personally or if he was unavailable, a person from a group of reliability engineers would attend in his place. Mr. Mitrou further testified that at the time the Model DW304P was introduced, there were approximately 2 million reciprocating saws of similar design style in the marketplace and history indicated the saw arrangement was without any chronic or significant injury record.

Mr. Mitrou further stated that Black & Decker has sold approximately 3.5 million tools with the neck design provided the Model DW304P. There is no doubt, according to Mr. Mitrou, that a discussion about guarding as well as other aspects of the tool took place during the safety review. Considering that Black & Decker had approximately 2 million of these style tools in the field without adverse issues from a safety standpoint, there was little reason to make changes in the safeguarding arrangement of the subject tool.

It is also noted that the subject tool is compliant with applicable design standards. In particular, the DeWalt Model DW304P reciprocating saw design including body configuration, the location, text and configuration of precautionary safety labeling, and the contents of the instructional literature, conform to the general safety requirements set forth by Underwriters Laboratories Standard UL 745 and UL 60745.

In conjunction with the file documents reviewed and an analysis of the design of the saw at issue, the writer's evaluation also included an analysis of the physical aspects of the accident site, an on-site reconstruction/simulation of the cutting operation being performed at the time implementing the exemplar DeWalt Model DW304P reciprocating saw fitted with a 6 inch bi-metal saw blade, as well as an evaluation of the cutting routine being conducted by Mr. Mourzakhanov at the time he became injured. Based upon this evaluation, it is the writer's opinion, to a reasonable degree of engineering and scientific certainty, that the physical arrangement (as reconstructed) of the piping system being cut at the time of the accident does not comport with the physical/accident description testified to and injury sustained by Mr. Mourzakhanov.

In conclusion, the testimony elicited in this matter disclosed that Mr. Mourzakhanov, a knowledgeable plumber, was an experienced user of reciprocating saws and was aware of the potential hazard presented by the reciprocating saw blade. Had Mr. Mourzakhanov acted in a reasonable, prudent and safe manner, and operated the tool in conformance with reasonable expectations and operating principles of which he was well aware and testified to, his accident would have been avoided.

Re: Mourzakhanov v. Black & Decker
February 27, 2008
Page 5 of 5

It is noted that Mr. Mourzakhanov was to have provided a technical liability report relating to this matter on or before February 15, 2008. No report has been received to date. Hence, the opinions expressed above, which are rendered to a reasonable degree of engineering and scientific certainty, may not reflect the ultimate, full and complete conclusion of the writer relative to Mr. Mourzakhanov's accident. Further analysis may be necessary if additional pertinent documents become available. The writer reserves the right to modify and/or supplement this report should such information be produced in the future.

Kindly do not hesitate to contact the writer should further detail or discussion be required.

Very truly yours,

Richard C. Otterbein, P.E.
Engineering Consultant

RCO/afp

# AFFILIATED ENGINEERING LABORATORIES, INC.
*Engineering Consultants*

Physical Location:
777 New Durham Road
Edison, NJ 08817

**P.O. Box 3300**
**Edison, NJ 08818-3300**

Phone (732) 429-1200
Fax (732) 429-1201
www.affiliatedinc.net

**Resume:**            **RICHARD C. OTTERBEIN**

**Education:**

Bachelor of Science - Mechanical Engineering
Newark College of Engineering (1971)

Master of Science
New Jersey Institute of Technology (1976)

OSHA General Industry Training Course (2006)
Fire Investigations – Rutgers/Kean (1997, 2000, 2003, 2005)
Materials Handling Vehicle Operator Certification (1996)
Fire Suppression Systems Seminar - Rutgers (1987)
BOCA - Fire Prevention Code Seminar (1985)
Fire Investigations - Essex County College (1983)

**Professional:**

Professional Engineer - New Jersey, New York, Pennsylvania
Certified Fire Official/Inspector - New Jersey
Licensed Private Detective – New Jersey
Member - Underwriters Laboratories Inc. - Standards Technical Panel (STP 745) for Stationary and Fixed Electric Tools and Portable Electric Tools (ANSI/UL Standards Series)
Member – American National Standards Institute/ANSI 01 Standard Committee – Safety Requirements For Woodworking Machinery
Member - American Society of Mechanical Engineers
Senior Member - Instrument Society of America
Professional Member - American Society of Safety Engineers
Professional Member - National Safety Council
Member - National Fire Protection Association
Member - International Association of Arson Investigators
Member and Officer - Volunteer Fire Department

**Publications:**

ASME Paper on Automatic Control of Prototype Power Plant

EXHIBIT "B"

**RICHARD C. OTTERBEIN**               - 2 -

**Professional Experience:**

**Public Service Electric & Gas Company**, Newark, NJ
Engineer - Engineering & Construction Department

Design and construction of electric power plant facilities, equipment and machinery operating and safety controls and instrumentation, supervision of field installation and functional testing of industrial equipment.

**NPS Engineers & Constructors, Inc.**, Secaucus, NJ
Project Engineer and Project Manager

Design and construction of material handling facilities, electric power plants and process installations, equipment and machinery safety controls and instrumentation, mechanical, electrical and structural systems design evaluation.

**Engineering Consultant**
Engineering services provided on a retained basis.

Design of machinery, operating facilities and safety control systems; independent design and safety evaluations of mechanical and electrical machine tools and equipment; design/evaluation of woodworking and metalworking stationary and portable power tools; working knowledge of codes and standards applicable to woodworking and metalworking power tools; design evaluation of material handling equipment and industrial trucks; accident reconstruction; independent design reviews and evaluations of precautionary labels and warnings incorporated on manufactured equipment and in product instruction manuals; technical analysis of equipment instruction manuals; design and construction of engineering models and prototypes of machinery and facilities; design and safety evaluations of fire suppression systems; cause and origin fire evaluations; independent technical consulting services to attorneys and insurance carriers in litigation matters; general machine and instrumentation and control system design services.

## AFFILIATED ENGINEERING LABORATORIES, INC.
*Engineering Consultants*

Physical Location:
777 New Durham Road
Edison, NJ 08817

P.O. Box 3300
Edison, NJ 08818-3300

Phone (732) 429-1200
Fax (732) 429-1201
www.affiliatedinc.net

### Richard C. Otterbein, P.E.

### CASE LIST

KCPL vs. Allen-Bradley Company, Kansas City, Missouri (2004)(T)
Jachwak vs. Delta Machinery Corporation, Philadelphia, Pennsylvania (2004)(D), (2004)(T)
Arnold vs. Lansingburgh CSD, Troy, New York (2004)(T)
O'Connell vs. Delta Machinery Corporation, Chatham, New Jersey (2004)(D)
Hernandez vs. Cherry-Burrell, Chatham, New Jersey (2004)(D)
Taylor vs. Delta Machinery Corporation, Marlton, New Jersey (2005)(D), Mount Holly, New Jersey (2005)(T)
Cerritos vs. Delta Machinery Corporation, Central Islip, New York (2005)(T)
Santana-Mendez vs. Ryobi Technologies, Inc., Naples, Florida (2005)(D)
Spencer vs. Delta Machinery Corporation, Brooklyn, New York (2005)(T)
Ali vs. Delta International Machinery Corporation, Woodbridge, New Jersey (2005)(D)
Harold vs. Black & Decker (U.S.) Inc., Newark, New Jersey (2006)(D), Newark, New Jersey (2006)(T)
Cline vs. Winnebago Industries, Inc., Mission Viejo, California (2006)(D)
Schlaudecker vs. Delta Machinery Corporation, Bridgewater, New Jersey (2006)(D)
Goncalves v. 515 Park Avenue Condominium, New York, New York (2006)(T)
Humphries vs. Koch USA, LLC, Hartford, Connecticut (2006)(D)
Zablocky vs. SVI International Inc., Morristown, New Jersey (2007)(T)
Psomadakis vs. The Triborough Bridge & Tunnel Authority Brooklyn, New York (2007)(T)
Schieber vs. Black and Decker (U.S.) Inc., Philadelphia, Pennsylvania (2007)(D)
Mei vs. Falco, Bridgewater, New Jersey (2007)(D)
Figueiredo vs. Semcore Equipment Corporation, Morristown, New Jersey (2007)(D)
Yager vs. Caterpillar Inc., New Brunswick, New Jersey (2007)(T)
Ballantine vs. WMH Tool Group Inc. St. Cloud, Minnesota (2007)(T)
Barrett vs. DeWalt Industrial Tool Company, New York, New York (2007)(D)
Tamburella v. Caterpillar Inc., Freehold, New Jersey (2008)(T)

Affiliated Engineering Laboratories, Inc., invoices engineering services at a rate of $275 per hour, plus expenses.

EXHIBIT "C"

STATE OF NEW YORK )
                  :ss
COUNTY OF NEW YORK )

    Sergellys Martinez, being duly sworn, deposes and says:

    Deponent is not a party to the action, is over 18 years of age and resides in Bronx, New York;

    On February 27, 2008, deponent served the within EXPERT DISCLOSURE OF RICHARD OTTERBEIN, P.E. upon:

John E. Durst, Jr.
The Durst Law Firm, P.C.
Attorneys for Plaintiff
319 Broadway
New York, New York  10007

by depositing a true copy of same enclosed in a post paid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

                                                                Sergellys Martinez

Sworn to before me this
27th day of February, 2008

_____
Notary Public

          CLAUDIA BLANCHARD
       Notary Public, State of New York
            No. 01BL6160575
        Qualified in Queens County
     Commission Expires Feb. 12, 20__

{00003748.DOC}
00003748