# CALINOFF & KATZ LLP

ROBERT A. CALINOFF
RCALINOFF@CANDKLAW.COM



February 25, 2008

**VIA ECF AND HAND DELIVERY**

MEMO ENDORSED

Justice Lewis A. Kaplan
United States District Court Judge
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

Re:   Vitoli Mourzakhanov vs. DeWalt Industrial Tool Co, et al
      07 CIV 6205 (LAK)

Honorable Sir:

We are counsel to defendant Black & Decker (U.S.) Inc. s/h/a DeWalt Industrial Tool Co., in the above captioned matter. We write to you on a hybrid issue that may require a pre-motion conference, pursuant to your rules, to the extent that it touches upon discovery issues. This is a nonjury products liability case in which plaintiff alleges he lacerated his hand while using a DeWalt reciprocating saw.

In accordance with a Stipulation, So Ordered by Your Honor on January 3, 2008: "Plaintiff's expert disclosure pursuant to Rule 26(a)(2) to be served no later than 2/15/08. Defendant's expert disclosures pursuant to Rule 26(a)(2) to be served no later than 2/28/08." (Exhibit "A" herewith)

On February 12, 2008 John E. Durst, Jr., counsel for plaintiff, wrote to the Court requesting a 30 day extension, to serve his expert disclosure, from February 15, 2008 to March 15, 2008. This would have, likewise, extended defendant's date to reply. (Exhibit "B" herewith)

Plaintiff did not serve expert disclosure "no later than February 15, 2008". To date, plaintiff has yet to serve expert disclosure. Of necessity, defendant's expert disclosure, which should be in the nature of reply, must be filed by February 28th. Defendant's disclosure will be addressed to the design of the saw and the accident in a more general manner than would have normally been contemplated in the absence of a specific defect claim from plaintiff. However, should the Court relieve plaintiff of this default defendant requests the opportunity to supplement its disclosure.

By endorsed memo dated February 21, 2008 and filed February 22, 2008, the Court denied plaintiff's application for an extension. Defendant seeks to move to preclude plaintiff from offering any expert testimony at trial due to plaintiff's discovery default. (Exhibit "C" herewith)

This motion, which would normally be in the nature of a motion in limine at trial, is made as a motion to preclude during discovery since a preclusion order at this time would obviate the expenditure of time and costs from the parties to travel to Boston to depose plaintiff's putative expert. The order of January 3, 2008 contemplated expert depositions in March, with all depositions to be completed by April 1, 2008.

**CALINOFF & KATZ** LLP

> Justice Lewis A. Kaplan
> United States District Court Judge
> United States District Court
> Southern District of New York
> February 25, 2008
> Page 2

We therefore request a pre-motion conference on this issue or the Courts' advice that such a conference is not necessary.

Should the Court order such a conference, I respectfully request it be held after March 11, 2008 as I will be in China from February 27, 2008 to March 11, 2008.

Thank you for your consideration of this matter.

Respectfully submitted,

Robert A. Calinoff (RAC5743)

RAC:cb
Enclosure
cc: John E. Durst, Jr., Esq. (via e-mail and regular mail)

*MEMO ENDORSED*

No premotion conference is necessary.

Denied

LEWIS A. KAPLAN, USDJ
2/26/08