UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
VITOLI MOURZAKHANOV,

           Plaintiff,

  -against-

                                                      Civil Action No.: 07 CV 6205(LAK)

DEWALT INDUSTRIAL TOOL CO.,
DEWALT CONSTRUCTION TOOLS and
BLACK AND DECKER (U.S.) INC.,

           Defendants.
------------------------------------------------------------------X

## MEMORANDUM OF LAW IN
## SUPPORT OF MOTION TO PRECLUDE

OF COUNSEL: ARNOLD I. KATZ, ESQ.

## PRELIMINARY STATEMENT

This memorandum of law is submitted in support of defendant, Black & Decker (U.S.) Inc. s/h/a DeWalt Industrial Tool Co., DeWalt Construction Tools and Black & Decker (U.S.) Inc.'s (hereinafter "Black & Decker") motion to preclude plaintiff from introducing expert testimony at the time of trial.

## ARGUMENT

### BY OPERATION OF RULE 37(C)1, PLAINTIFF HAS BEEN AUTOMATICALLY PRECLUDED FROM OFFERING EXPERT TESTIMONY

Pursuant to F.R.C.P. 37(c)(1), "[a] party that without substantial justification fails to disclose information required by Rule 26(a) ... is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed." Exclusion is *automatic* unless Plaintiff can demonstrate substantial justification for the failure to disclose or that the failure to disclose is harmless. F.R.C.P. 37(c)1. The Second Circuit has instructed courts to apply the following factors: (1) the party's explanation for the failure to comply with the disclosure requirement; (2) the importance of the testimony of the precluded witness; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance. Patterson v. Balsamico, 440 F.3d 104, 117 (2d Cir. 2006).

Pursuant to these factors, preclusion is warranted in this action. Plaintiff failed to offer any excuse for his failure to disclose, and has still failed to serve any expert disclosure, notwithstanding the courtesy of a previous extension.

1

Plaintiff's failure to provide a timely expert disclosure has actually prejudiced Defendants because they were not given the opportunity to address a specific defect claim. This is critical, since the action at bar is a product liability lawsuit.. Conversely, they have been inhibited from building a sufficient defense. While this motion, which would normally be in the nature of a motion in limine at trial, a preclusion order at this time would prevent additional prejudice from occurring because it would obviate the expenditure of time and costs of the parties in traveling to Boston to depose Plaintiff's putative expert. The order of January 3, 2008 contemplated expert depositions in March, with all depositions to be completed by April 1, 2008.

To obtain a meaningful deposition of Plaintiff's expert, deposition deadlines would need to be extended yet again, so as to afford Plaintiff time to belatedly serve an expert disclosure. If this Court were to extend discovery deadlines again, Defendants would be prejudiced given the significant investment made in pursuing their defense of the action in accordance with the reasonable deadlines of this Court, which were established at the parties' behest. Compare Arnold v. Krause, Inc., 232 F.R.D. 58 (W.D.N.Y. 2004) (precluding plaintiff's expert in product liability action where plaintiff failed to provide an adequate excuse for delay and actual prejudice to defendants because of delay).

Courts have nevertheless held that where a party fails, without satisfactory explanation, to comply with a prior scheduling order and amended scheduling orders extending the period for expert disclosure, preclusion is properly ordered. Exxon Corporation v. Halcon Shipping Co., Ltd., 156 F.R.D. 589, 591-92 (D.N.J.1994) (affirming magistrate judge). See also Trost v. Trek Bicycle Corporation, 162 F.3d 1004, 1008-09 (8th Cir.1998) (affirming grant of summary judgment and

preclusion of plaintiff's expert testimony to defendant based, in part, on plaintiff's late-60 days-disclosure of expert report under Rule 16(b) scheduling order and noting plaintiff's failure to timely request extension of scheduling order's disclosure deadline and prejudice to defendant which had relied on plaintiff's failure to timely disclose in preparation of motion for summary judgment based on absence of evidence that product was negligently manufactured and was therefore dangerous for its intended use).

Permitting Plaintiff to avoid preclusion under the circumstances presented would render the Court's scheduling orders in this case of hollow import and severely undermine the Court's duty to manage its docket by commanding compliance with orders issued pursuant to Rule 16(b). See Arnold, supra.

## CONCLUSION

Based on the forgoing, it is respectfully requested that this Court grant an order precluding Plaintiff from offering expert testimony at the time of trial.

Dated: New York, New York
       March 7, 2008

Yours, etc.,

CALINOFF & KATZ LLP

BY: _____
Arnold I. Katz (AIK-2146)
Attorneys for Defendant
BLACK & DECKER (U.S.) INC. s/h/a
DEWALT INDUSTRIAL TOOL CO.
DEWALT CONSTRUCTION TOOLS
and BLACK AND DECKER (U.S.) INC.
140 East 45th Street
17th Floor
New York, New York 10017
(212) 826-8800

3

STATE OF NEW YORK )
                  :ss
COUNTY OF NEW YORK )

Sergellys Martinez, being duly sworn, deposes and says:

Deponent is not a party to the action, is over 18 years of age and resides in Bronx, New York;

On March 7, 2008, deponent served the within MEMORANDUM OF LAW IN SUPPORT OF MOTION TO PRECLUDE upon:

John E. Durst, Jr.
The Durst Law Firm, P.C.
Attorneys for Plaintiff
319 Broadway
New York, New York 10007

by depositing a true copy of same enclosed in a post paid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

_____
Sergellys Martinez

Sworn to before me this
7th day of March, 2008

_____
Notary Public

CLAUDIA BLANCHARD
Notary Public, State of New York
No. 01BL6160575
Qualified in Queens County
Commission Expires Feb. 12, 20__

{00003748.DOC}
00003748