# THE DURST LAW FIRM, P.C.

John E. Durst, Jr. *
*Of Counsel:*
Moses Apsan **
Andrew Bersin *
Jeffrey Galperin *
Jaghab, Jaghab & Jaghab

A Professional Corporation of Attorneys
* Admitted NY
** Admitted NY and NJ

☐ *Newark Office:*
Durst & Apsan
400 Market Street
Newark, NJ 07105
(973) 465-7600
Fax: (973) 465-3936

☐ *Main Office:*
The Durst Law Firm, P.C
319 Broadway
New York, NY 10007
(212) 964-1000
Fax: (212) 964-1400

E-Mail: john@nynylaw.com
Web Page: http:\\www.nynylaw.com

August 24, 2007

Robert A. Calinoff, Esq.
Calinoff & Katz LLP
140 East 45h Street, 17th Floor
New York, NY 10017

      Re:  Mourzakhanov v. Black & Decker (U.S.) Inc.

Dear Mr. Calinoff:

      I am enclosing a DVD containing statements by the plaintiff, and documents and illustrations regarding his case. These are provided to you for the purposes of settlement only, and such settlement negotiations are not intended for use at trial.  The illustration of the guard for the saw, for instance, was done by me, not by our expert witness.  It is not intended to be anything more than an illustration of one type of guard that is feasible and would have prevented the accident in this case.

      Frankly, other than some focused discovery requests concerning other accidents, and a deposition of your client, I believe we are essentially ready for trial.  The injury is well-defined, specifically, the plaintiff's ulnar nerve, and associated tendons and other structures between the long finger and the ring finger to the palm of the hand, were completely severed and have not regained their functioning.  Furthermore, the plaintiff has a neuroma where that ulnar nerve was severed. Finally, he has developed carpal tunnel syndrome from the injury.

      On liability, the plaintiffs will call Professor Igor Paul as a mechanical engineering expert to testify as to the feasibility and cost of guarding the operator's hand. The design will increase the safety to the consumer, without impairing the function or increasing the cost of the product.

      As far as a Scheduling Order, please be advised that we are ready now to present the plaintiff for depositions. I can basically agree to any date you pick; my client is available immediately. If you need medical records other than those previously provided by us, we will be happy to share records, not just authorizations, with you. I would want to do the deposition of your client within one week of presenting my client.

      Should you be interested in possible early settlement of this matter, we welcome discussions at any stage of the litigation.

      It was nice to talk to you again, and I look forward to working with you on this case.

      Very truly yours,

      _____

      John E. Durst, Jr.

JED/ng
Enc:  DVD "Mourzakhanov v. DeWalt"