```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------X
VITALI MOURZAKHANOV,
                                        MEMORANDUM OF LAW
                Plaintiff,   IN OPPOSITION TO MOTION

        -against-                   07 CV 6205 (LAK)

DEWALT INDUSTRIAL TOOL CO.,
DEWALT  CONSTRUCTION TOOLS and
BLACK AND DECKER (U.S.) INC

                Defendants.
-------------------------------X
```

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

PLAINTIFF'S MEMORANDUM OF LAW

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

As this Court is well aware, a products liability case alleging a design defect in a product cannot succeed without the testimony of an expert. In other words, granting a motion to preclude the testimony of the expert witness is tantamount to dismissal of the plaintiff's case. I therefore suggest that realism requires that the same principles of law apply to precluding the expert in this situation as apply to dismissing the case.

This Court is of course well aware of its obligations, and broad discretion, in achieving the

"orderly and expeditious resolution of cases."[1]  In *Smalls*, this Court issued an order requiring the plaintiff to show cause why the case should not be dismissed for lack of prosecution, when plaintiff had taken no action to prosecute the case for a 21 month period after it was commenced.  Thus, even with such an egregious delay in prosecuting the case, the Court still gave the plaintiff an opportunity to explain itself.  When the plaintiff failed to show cause, the Court dismissed the action.

As the Second Circuit noted in affirming Judge Kaplan's decision, dismissal is a "harsh remedy to be utilized only in extreme situations", after taking into consideration a variety of factors:

> [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has taken care to strike the balance between alleviating Court calendar congestion and protecting a party's right to due process and a fair chance to be heard, and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.

It is respectfully submitted that if the Court had been given an opportunity to review the explanation for the plaintiff and defendant's requested extension of time,

---

[1] Smalls v. the Port Authority of New York and New Jersey, 120 Fed. App. 396, 2005 U.S. App. LEXIS 1423 (2d Cir. 2005).

it would have granted the extension.  Thus it was only the plaintiff's counsel's failure to properly employ the relatively new ECF procedures that resulted in plaintiff's default in complying with the scheduling order.

The duration of the delay resulting from plaintiff's counsel's mistake appears to be running about 15-30 days all in all.  The *entire prosecution* of the case, from removal to joint pretrial order, will be considerably less than the 21 month period in the *Smalls* case.

The defendant has not been prejudiced *at all* by the delay; in fact, the defendant needed the delay in order to provide the plaintiff with discovery.  It was the defendant's delays in providing discovery that were the precipitating cause of the plaintiff's inability to comply with the scheduling order.

The plaintiff himself appeared for depositions promptly, complied with all discovery requested of him, appeared for a physical exam, and has done nothing to delay the case himself.  His right to a fair chance to be heard should not be at stake therefore.

The Court could assess lesser sanctions against those actually responsible for the delay, that is, the defendant, defendant's counsel, and/or plaintiff's counsel.

The plaintiff himself, who did nothing wrong, should not be sanctioned.

      WHEREFORE, it is respectfully submitted that the defendant's motion to preclude plaintiff's expert witness should be denied, and a modification of the scheduling order should be granted in accordance with the proposed scheduling order.

                                THE DURST LAW FIRM, P.C.

                                _____
                                By: John E. Durst, Jr. (6544)
                                Attorneys for Plaintiffs
                                319 Broadway
                                New York, New York 10007
                                (212) 964-1000