UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
VITOLI MOURZAKHANOV,

                     Plaintiff,                      REPLY AFFIDAVIT

     -against-
                                     Civil Action No.: 07 CV 6205(LAK)

DEWALT INDUSTRIAL TOOL CO.,
DEWALT CONSTRUCTION TOOLS and
BLACK AND DECKER (U.S.) INC.,

                    Defendants.
-------------------------------------------------------------X

STATE OF NEW YORK    )
                      :ss
COUNTY OF NEW YORK )

       ROBERT A. CALINOFF, being duly sworn deposes and says:

       1.      I am an attorney at law duly admitted to practice before the courts of this state and am a member of the law firm of Calinoff & Katz LLP, attorneys for the defendants herein.  As such I am fully familiar with all of the facts, circumstances and proceedings hereinbefore had herein.

       2.      I make this affidavit in reply to the affidavit of John E. Durst in opposition to the defendants' motion to preclude plaintiff's introduction of any expert evidence at the time of trial due to plaintiff's failure to timely disclose its experts pursuant to the order of this Court.

       3.      Mr. Durst, counsel for plaintiff avers that the Court did not consider his letter of February 12, 2008 in making its determination not to extend plaintiff's time for expert disclosure.  If the Court, in fact, had not considered plaintiff's counsel's letter, defendants do not object to a *de novo* review of counsel's papers.

4.    Counsel for plaintiff implies that plaintiff's current predicament was occasioned by defendants "intentional litigation strategy" (Durst Affidavit, ¶54).  He further implies that the fact that the depositions, herein, were taken on the eve of the expert disclosure cut-off was somehow the work of the defendants:

> "Given the fact that plaintiffs were prepared to complete depositions in a timely fashion, and the defendants delayed the completion of depositions until just before the time for the exchange of expert reports by the plaintiff…" (Durst Affidavit, ¶50)

The delay in the discovery schedule was entirely necessitated by plaintiff's absence from the United States on a confirmed deposition date.  The subsequent deposition of Ted Mitrou, the Black & Decker expert, could not be taken until the completion of the plaintiff's deposition so as to identify the issues framed by plaintiff's explanation of how the accident occurred and the alleged problems he encountered with the subject tool.

5.    Plaintiff's counsel is correct that he did, in fact, attempt to expedite the depositions of all parties and, on October 3, 2007 e-mailed me stating, "I can produce the Pl. next week."  However, he incorrectly states, at paragraph 21 of his affidavit, "the defendant could not fit the deposition of plaintiff until right around the holidays…" This is incorrect.  On October 3, 2007, the same day that plaintiff's counsel offered to produce the plaintiff "next week" I immediately responded offering "How about October 31, November 1 or November 2 for plaintiff" He responded, "OK, one of them, I'll check the schedule at the office and e-mail tomorrow."  A copy of that exchange is annexed hereto as Exhibit "A."  I received no response from Mr. Durst with respect to those dates.  In fact, there was no discussion of depositions again, until I contacted Mr. Durst in mid December advising him that we had served a subpoena on plaintiff's employer, Crestwood Mechanical, for January 10, 2008 and setting the deposition of

plaintiff for January 7, 2008 and Black & Decker/DeWalt for January 17, 2008. Letter of December 21, 2007 annexed hereto as Exhibit "B."

6. We were advised by plaintiff's counsel on December 20, 2007 that plaintiff was "on vacation" in Russia and would not be available until January 17, 2008. See Letter of December 20, 2007 (Exhibit "C").

7. After the Christmas holidays, we were able to secure a firm date for the deposition of the Black & Decker representative and the dates for all of the depositions were, once again, confirmed by letter dated January 8, 2008 from plaintiff's counsel's office confirming that the deposition of the plaintiff on January 17, 2008, Crestwood Mechanical on January 28, 2008 and Black & Decker on February 5, 2008. (Exhibit "D")

8. On January 16, 2008 I received a phone call from plaintiff's counsel's assistant indicating that plaintiff would not be available for his deposition, the following day, due to the fact that he was still in Russia. I agreed to reschedule his deposition to January 22, 2008. A copy of the letter with respect to the cancellation of plaintiff's deposition is annexed hereto as Exhibit "E." Plaintiff's deposition was ultimately taken on January 22, 2008 and Black & Decker was deposed on February 5, 2008.

9. The development of the case was further delayed by the fact that the allegations in the Complaint contained the wrong address for the scene of the accident. The Complaint contained allegations that the accident occurred at "1225 Morrison Avenue, Bronx, New York." It was later learned by document produced by the employer, at his deposition, that the accident occurred at "1255 Morrison Avenue." This error, subsequently confirmed by counsel for plaintiff, delayed defendants' investigation of this action. It was further confused because 1225 Morrison Avenue was the site of new construction where it was assumed that the plaintiff's

accident occurred. Our representatives could not get access to that site for a scene inspection. As soon as the actual address was confirmed defendants promptly obtained an inspection by our investigator and expert. The facts revealed that the scene inspection necessitated a second deposition of plaintiff to which plaintiff's counsel agreed. That deposition was held on February 12, 2008.

10.     Plaintiff's counsel complains that defendants did not promptly produce documents requested at the deposition of Ted Mitrou. However, on February 15, 2008, when plaintiff was already in default for failing to provide expert disclosure only ten days had passed from the date of Mr. Mitrou's deposition. Thereafter, I left for two weeks in China returning home late on the night of March 10, 2008. On March 11, 2008 I contacted Mr. Durst and advised that the documents were ready for production and that they could be hand delivered that day. However, the documents contained proprietary information and I sought to work out a form of protective order. Mr. Durst sent me an e-mail indicating that I needed to justify the reason for a protective order. I wrote back to him, "The Safety Review itemizes step by step the process for product safety review and is proprietary." I never received a response from Mr. Durst nor have I been able to engage him in a dialog with respect to the protective order.

11.     After receiving plaintiff's papers this morning, we transmitted the documents to Mr. Durst and requested that he hold them as "confidential" and provide them to no one other than his putative expert until we can work out a protocol for production.

12.     More importantly, the documents requested (a safety report and claims information) is the type of garden variety discovery that is routinely requested far in advance of a deposition of the manufacturer by Notice to Produce. Such a notice was never served.

{00004350.DOC}

13.    Due to the fact that the Court denied Mr. Durst's application for an extension of the scheduling order, Black & Decker was forced to disclose its experts on February 27, 2008. The plaintiff's failure to disclose has effectively shifted the "burden of disclosure" rendering any late disclosure by plaintiff as responsive to defendants' defense of the product instead of a responsive disclosure coming from defendants' experts to plaintiff's defect claims.

14.    If this Court chooses to deny the Motion to Preclude, it is respectfully requested that defendant be given the opportunity to depose plaintiff's expert and, file a supplemental disclosure by defense experts after plaintiff's disclosure, if deemed necessary.

WHEREFORE, it is respectfully requested that defendants' motion for an order precluding the introduction of expert testimony by plaintiff be granted in all respects.

Yours, etc.,

CALINOFF & KATZ LLP

BY:    _____
Robert A. Calinoff (RAC-5743)
Attorneys for Defendant
BLACK & DECKER (U.S.) INC. s/h/a
DEWALT INDUSTRIAL TOOL CO.
DEWALT CONSTRUCTION TOOLS
and BLACK AND DECKER (U.S.) INC.
140 East 45th Street
17th Floor
New York, New York  10017
(212) 826-8800

Sworn to before me this
25th day of March, 2008

_____
Notary Public

CLAUDIA BLANCHARD
Notary Public, State of New York
No. 01BL6160575
Qualified in Queens County
Commission Expires Feb. 12, 20__

{00004350.DOC}

TO:

John E. Durst, Jr.
THE DURST LAW FIRM, P.C.
Attorneys for Plaintiff
319 Broadway
New York, New York  10007
(212) 964-1000

**Robert Calinoff**

| | |
|---|---|
| **From:** | John Durst [john@durstlaw.com] |
| **Sent:** | October 03, 2007 08:46 PM |
| **To:** | Robert Calinoff |
| **Subject:** | Re: 07-cv-06205-LAK Mourzakhanov v. Dewalt Industrial Tool Co. et al |

OK, one of them, I'll check the schedule at the office and email tomorrow.

John

----- Original Message -----
From: "Robert Calinoff" <rcalinoff@candklaw.com>
To: "John Durst" <john@durstlaw.com>
Sent: Wednesday, October 03, 2007 4:50 PM
Subject: RE: 07-cv-06205-LAK Mourzakhanov v. Dewalt Industrial Tool Co. et al

John:

How about October 31, November 1 or November 2 for plaintiff?

Bob

Robert A. Calinoff
Calinoff & Katz LLP
140 East 45th Street
New York, NY 10017-3144
Tel: 212.826.8800
Fax: 212.644.5123
rcalinoff@candklaw.com

-----Original Message-----
From: John Durst [mailto:john@durstlaw.com]
Sent: 2007-10-03 14:07
To: Robert Calinoff
Subject: Re: 07-cv-06205-LAK Mourzakhanov v. Dewalt Industrial Tool Co. et al

Yeah so I see, the last sentence.  I assume that he is referring to the cancellation of
the conference, since I know of nothing else he could cancel.  Fine; can we work on
scheduling some depositions?  Lets get the basics over with and try and settle the case!
Why not do the pl and df first, then nonparties as needed.  I can produce the pl next
week.  Just give me a day that's convenient for you.  If something turns up later
warranting a further dep of him, so be it.

John

----- Original Message -----
From: "Robert Calinoff" <rcalinoff@candklaw.com>
To: <john@durstlaw.com>
Sent: Wednesday, October 03, 2007 11:25 AM
Subject: Re: 07-cv-06205-LAK Mourzakhanov v. Dewalt Industrial Tool Co. et al


> John
> I believe tomorrow's conference is cancelled now that Judge Kaplan
> signed the order. See Mr. Mohan's Email.
>
> Regards,
> Bob
>
> ----- Original Message -----
> From: John Durst <john@durstlaw.com>
> To: Andrew_Mohan@nysd.uscourts.gov <Andrew_Mohan@nysd.uscourts.gov>

1

EXHIBIT A

> Cc: Robert Calinoff;
> Sent: Wed Oct 03 07:30:11 2007
> Subject: Fw: 07-cv-06205-LAK Mourzakhanov v. Dewalt Industrial Tool
> Co. et al
>
> Dear Mr. Mohan:
>
> I discovered my mistake when I called the ECF dept to point out that
> there was no "proposed Case Management Order" category.  So I sent the
> proposed order by mail also.
>
> Is it possible to use email directly to chambers on occasion?
>
> John Durst
> Counsel for Pl
> Mourzakhanov v. Dewalt, 07-cv-06205-LAK 212-964-1000
>
>
> ----- Original Message -----
> From: Robert Calinoff <mailto:rcalinoff@candklaw.com>
> To: Andrew_Mohan@nysd.uscourts.gov
> Cc: John Durst <mailto:john@durstlaw.com>
> Sent: Tuesday, October 02, 2007 11:53 AM
> Subject: RE: 07-cv-06205-LAK Mourzakhanov v. Dewalt Industrial Tool Co. et
> al
>
>
> Mr. Mohan:
>
>
>
> The proposed Order was filed by Mr. Durst, not I. I am forwarding your
> email to him as instructed.
>
>
>
> Robert A. Calinoff
>
> Calinoff & Katz LLP
>
> 140 East 45th Street
>
> New York, NY 10017-3144
>
> Tel: 212.826.8800
>
> Fax: 212.644.5123
>
> rcalinoff@candklaw.com
>
> _____
>
> From: Andrew_Mohan@nysd.uscourts.gov
> [mailto:Andrew_Mohan@nysd.uscourts.gov]
> Sent: 2007-10-02 11:46
> To: Robert Calinoff
> Subject: 07-cv-06205-LAK Mourzakhanov v. Dewalt Industrial Tool Co. et al
>
>
>
>
> Dear Counsel:  I have accidentally come across the proposed consent
> schedule that you mistakenly filed by ECF. Please review the instructions
> for submitting proposed orders to the Court in the Southern District.
> They are on our website under ECF rules.  They were in the initial
> conference notice that informed you of the 10/4/07 conference.  They are
> even at the bottom of this email.  Please note that Judge Kaplan has

> previous scheduling correspondence, at all, regarding previous correspondence through
> ECF.
>
> However, since it was discovered prior to the conference, I have printed
> out the proposed schedule and give it to Judge Kaplan.  Please notify your
> adversary of the cancellation.
>
> =========================================
> Andrew Mohan
> Courtroom Deputy to Judge Kaplan
> 212-805-0104
>
> COURT INFORMATION
>
> LETTERS are not to be filed by ECF.  Letters to Judge Kaplan must be
> submitted by hard-copy.  Judge Kaplan does not accept faxes without prior
> chambers' approval.
>
> LOCAL RULES: <a href="http://www1.nysd.uscourts.gov/courtrules.php">SDNY
> Local Rules</a>
>
> JUDGE KAPLAN'S INDIVIDUAL PRACTICES: <a
> href="http://www1.nysd.uscourts.gov/cases/show.php?db=judge_info&id=121">Judge
> Kaplan's Individual practices</a>  IF THIS LINK TAKES YOU TO A BLANK PAGE,
> PLEASE REFRESH YOUR BROWSER.
>
> ECF RULES: <a href="http://www1.nysd.uscourts.gov/ecf_filing.php">ECF
> Rules</a> PLEASE REMEMBER THAT LETTERS ARE NOT TO BE FILED BY ECF IN
> USDC-SDNY.
>
> STIPULATIONS & PROPOSED ORDERS in ECF cases should be emailed to the
> Orders and Judgment Clerks at:  Orders_and_Judgments@nysd.uscourts.gov
>
> NON-ECF orders issued by Judge Kaplan can be viewed on CourtWeb at : <a
> href="http://www.nysd.uscourts.gov/courtweb/public.htm">CourtWeb<a/>
>
>

CALINOFF & KATZ LLP

ROBERT A. CALINOFF
RCALINOFF@CANDKLAW.COM

December 21, 2007

Justice Lewis A. Kaplan
United States District Court Judge
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York  10007

Re: Vitoli Mourzakhanov vs. DeWalt Industrial Tool Co, et al
07 CIV 6205 (LAK)

Honorable Sir:

We are counsel to defendant DeWalt Industrial Tool Company, in the above captioned matter.

This is a relatively simple product liability action.  The parties entered into a Consent Scheduling Order that was "So Ordered" by your Honor on October 2, 2007.  A copy of that order is enclosed herewith.  Pursuant to that Order discovery is to be complete by March 1, 2008.  Rule 26 Expert Disclosure is to be completed by plaintiff on January 15, 2008 and by defendant on February 1, 2008.

The parties agreed to the deposition of the plaintiff for January 7, 2008.  A copy of the Notice to Take Videotaped Deposition of Plaintiff is enclosed herewith.  Plaintiff's employer was served with a Subpoena Duces Tecum for his deposition to be held on January 10, 2008.  A copy of the Subpoena and the return of service is enclosed herewith.  The deposition of defendant DeWalt was scheduled for January 17, 2008.

We were advised yesterday that the plaintiff will be out of the state on January 7, 2008 and his first available date for deposition would be January 17, 2008.  Earlier today I received a telephone call from James DeMaria of Crestwood Mechanical, Inc., plaintiff's employer, advising me that he is not available for his deposition on January 10, 2008 requesting that it be rescheduled after January 28, 2008 due to the fact that he will be in Florida for three weeks.

Based on the foregoing, the parties believe it will be quite difficult to meet the expert disclosure dates of January 15, 2008 for plaintiff and February 1, 2008 for defendant.  We would respectfully request a thirty day extension of the expert disclosure dates and the discovery cut off date, making plaintiff's expert disclosure due February 15, 2008, defendant's expert disclosure February 28, 2008 and the discovery cut off, including depositions for April 1, 2008.  We request that the time for the filing of the joint pretrial order be, likewise, extended.

LAW OFFICES OF CALINOFF & KATZ LLP

{00004183.DOC}
140 EAST 45TH STREET, 17TH FLOOR • NEW YORK, NY 10017-3144 • TEL: 212.826.8800 • FAX: 212.644.5123

EXHIBIT B

CALINOFF & KATZ LLP

Justice Lewis A. Kaplan
United States District Court Judge
United States District Court
Southern District of New York
December 21, 2007
Page 2

Both parties are in agreement with respect to this request, and there has been no previous application for an extension of the discovery schedule.  Attached is a stipulation with respect thereto.  Thank you for your consideration of this matter.

Very truly yours,

Robert A. Calinoff

RAC:cb
Enclosure
cc: John E. Durst, Jr., Esq.

{00004185.DOC}

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

VITOLI MOURZAKHANOV,

                                            STIPULATION

                Plaintiff,

       -against-

                                    Civil Action No.: 07 CV 6205(LAK)

DEWALT INDUSTRIAL TOOL CO.,
DEWALT CONSTRUCTION TOOLS and
BLACK AND DECKER (U.S.) INC.,

                Defendants.

-------------------------------------------------------------------X

         IT IS HEREBY STIPULATED BY AND BETWEEN the attorneys for the parties in the above captioned matter that the Consent Scheduling Order signed by Honorable Lewis A. Kaplan on October 2, 2007 be amended as follows:

1.        All depositions to be completed by April 1, 2008;

2.        Discovery cut off by April 1, 2008;

3.        Plaintiff's expert disclosure pursuant to Rule 26(a)(2) to be served no later than February 15, 2008;

4.        Defendant's expert disclosure pursuant to Rule 26(a)(2) to be served no later than February 28, 2008;

{00004186.DOC}

5.    Joint Pretrial Order in the form prescribed in Judge Kaplan's Individual Rules shall be filed on or before May 1, 2008.

Dated: New York, New York
       December 21, 2007


THE DURST LAW FIRM, P.C.                    CALINOFF & KATZ LLP

BY: _____        BY: _____
    John E. Durst, Jr. (JED6544)            Robert A. Calinoff (RAC5743)
    Attorneys for Plaintiff                 Attorneys for Defendant
    319 Broadway                            BLACK & DECKER (U.S.) INC. s/h/a
    New York, New York 10007                DEWALT INDUSTRIAL TOOL CO.
    (212) 964-1000                          DEWALT CONSTRUCTION TOOLS
                                            and BLACK AND DECKER (U.S.) INC.
                                            140 East 45th Street
                                            17th Floor
                                            New York, New York 10017
                                            (212) 826-8800

{00004186.DOC}

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
VITOLI MOURZAKHANOV,

                Plaintiff,

      -against-

DEWALT INDUSTRIAL TOOL CO.,
DEWALT CONSTRUCTION TOOLS and
BLACK AND DECKER (U.S.) INC.,

             Defendants.
-------------------------------------------------------------X

**NOTICE TO TAKE VIDEOTAPED
DEPOSITION OF PLAINTIFF**

Civil Action No.: 07 CV 6205(LAK)

TO:

John E. Durst, Jr.
THE DURST LAW FIRM, P.C.
Attorneys for Plaintiff
319 Broadway
New York, New York  10007
(212) 964-1000

      PLEASE TAKE NOTICE, that pursuant to the Federal Rules of Civil Procedure, the undersigned will take on behalf of defendants, on the 7th day of January, 2008, at 10:00 A.M., in the forenoon of that date, at the law offices of The Durst Law Firm, P.C., 319 Broadway, New York, New York 10007, the oral examination of plaintiff, Vitoli Mourzakhanov, by federal court videotape and transcription before an officer authorized to administer oaths by the laws of the State of New York, and the same will continue from day to day until completed, concerning all of the relevant facts and circumstances in connection with this litigation, including negligence, contributory negligence, liability and/or damages.

      PLEASE TAKE FURTHER NOTICE, that at the time of the taking of the testimony, the witness is  hereby required to produce any and all documents and records which may be used to refresh his/her recollection as to the matters herein above set forth.

{00004136.DOC}

PLEASE TAKE FURTHER NOTICE, that in addition to the stenographic recording of the deposition, defendant also intends to videotape the deposition.

Dated: New York, New York
        November 29, 2007

                                        Yours, etc.,

                                        CALINOFF & KATZ LLP

                        BY:

                                        Robert A. Calinoff (RAC5743)
                                        Attorneys for Defendant
                                        BLACK & DECKER (U.S.) INC. s/h/a
                                        DEWALT INDUSTRIAL TOOL CO.
                                        DEWALT CONSTRUCTION TOOLS
                                        and BLACK AND DECKER (U.S.) INC.
                                        140 East 45th Street
                                        17th Floor
                                        New York, New York  10017
                                        (212) 826-8800

{00004136.DOC}

STATE OF NEW YORK        )
                                  :ss
COUNTY OF NEW YORK )


Sergellys Martinez, being duly sworn, deposes and says:

Deponent is not a party to the action, is over 18 years of age and resides in Bronx, New York;

On November 29, 2007, deponent served the within NOTICE TO TAKE VIDEOTAPED

DEPOSITION OF PLAINTIFF upon:

John E. Durst, Jr.
The Durst Law Firm, P.C.
Attorneys for Plaintiff
319 Broadway
New York, New York  10007

by depositing a true copy of same enclosed in a post paid properly addressed wrapper, in an official

depository under the exclusive care and custody of the United States Postal Service within the State

of New York.

_____
Sergellys Martinez

Sworn to before me this
29th day of November, 2007

_____
Notary Public

CLAUDIA BLANCHARD
Notary Public, State of New York
No. 01BL6160575
Qualified in Queens County
Commission Expires Feb. 12, 20__

{00003748.DOC}

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

VITOLI MOURZAKHANOV,
                                             NOTICE TO TAKE DEPOSITION

             Plaintiff,

     -against-

                                     Civil Action No.: 07 CV 6205(LAK)

DEWALT INDUSTRIAL TOOL CO.,
DEWALT CONSTRUCTION TOOLS and
BLACK AND DECKER (U.S.) INC.,

             Defendants.
-------------------------------------------------------------X

TO:

John E. Durst, Jr.
THE DURST LAW FIRM, P.C.
Attorneys for Plaintiff
319 Broadway
New York, New York  10007
(212) 964-1000

S I R S :


     PLEASE TAKE NOTICE, that pursuant to the Federal Rules of Civil Procedure, the undersigned will take on behalf of defendant, BLACK & DECKER (U.S.) INC., on the 10th day of January, 2008 at 10:00 A.M., in the forenoon of that date, at the law offices of Calinoff & Katz LLP, 140 East 45th Street, 17th Floor, New York, New York 10017, the oral examination of a representative from Crestwood Mechanical Inc., by transcription before an officer authorized to administer oaths by the laws of the State of New York, and the same will continue from day to day until completed, concerning all of the relevant facts and circumstances in connection with this litigation, including negligence, contributory negligence, liability and/or damages.


{00004146.DOC}

PLEASE TAKE FURTHER NOTICE, that at the time of the taking of the testimony, the witness is hereby required to produce any and all documents and records which may be used to refresh his/her recollection as to the matters herein above set forth.


Dated: New York, New York
        November 29, 2007



                                        Yours, etc.,


                                        CALINOFF & KATZ LLP

                              BY:       _____
                                        Robert A. Calinoff (RAC5743)
                                        Attorneys for Defendant
                                        BLACK & DECKER (U.S.) INC. s/h/a
                                        DEWALT INDUSTRIAL TOOL CO.
                                        DEWALT CONSTRUCTION TOOLS
                                        and BLACK AND DECKER (U.S.) INC.
                                        140 East 45th Street
                                        17th Floor
                                        New York, New York  10017
                                        (212) 826-8800

{00004146.DOC}

STATE OF NEW YORK      )
                                    :ss
COUNTY OF NEW YORK )

Sergellys Martinez, being duly sworn, deposes and says:

Deponent is not a party to the action, is over 18 years of age and resides in Bronx, New York;

On November 29, 2007, deponent served the within NOTICE TO TAKE DEPOSITION upon:

John E. Durst, Jr.
The Durst Law Firm, P.C.
Attorneys for Plaintiff
319 Broadway
New York, New York  10007

by depositing a true copy of same enclosed in a post paid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

                                                                    Sergellys Martinez

Sworn to before me this
29th day of November, 2007

                Notary Public

          CLAUDIA BLANCHARD
      Notary Public, State of New York
            No. 01BL6160575
        Qualified in Queens County
    Commission Expires Feb. 12, 20 / /

{00003748.DOC}

00003748

- - - - - - - - - - - - - - - - - - - - - - - - - x

Vitoli Mourzakhanov,

            Plaintiff(s),

       v.

Dewalt Industrial Tool Co., et al.,

            Defendant(s).

07-cv-06205(LAK)

- - - - - - - - - - - - - - - - - - - - - - - - - x

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/17/07

## ORDER RE SCHEDULING AND
## INITIAL PRETRIAL CONFERENCE

KAPLAN, District Judge.

        This action having been assigned to me for all purposes, it is hereby, ORDERED as follows:

        1.     Counsel receiving this order shall promptly mail copies hereof to all other counsel of record or, in the case of parties for which no appearance has been made, to such parties.

        2.     Counsel for **all** parties are directed to confer regarding an agreed scheduling order.  If counsel are able to agree on a schedule **and the agreed schedule calls for filing of the pretrial order not more than six (6) months from the date of this order,** counsel shall sign and email a PDF of the proposed schedule to the Orders and Judgment Clerk* within ten (10) days from the date hereof by using the consent scheduling order form annexed for the Court's consideration.  If such a consent order is not filed within the time provided, a conference will be held on **10/4/07** in courtroom 12 D, 500 Pearl Street, New York, New York at **11:00 a.m.**

        3.     Any party desiring a conference with the Court for purposes of discussing settlement, narrowing of issues, or other pertinent pretrial matters may request a conference by letter.

        4.     Counsel should be aware that this case has been designated for Electronic Case Filing (ECF).  It is the responsibility of counsel to become familiar with and follow ECF procedures.  Information regarding the ECF system can be found on the Court's website at www.nysd.uscourts.gov.

September 17, 2007

                                      Lewis A. Kaplan
                           United States District Judge

* Orders_and_Judgments@nysd.uscourts.gov

Vitoli Mourzakhanov,

                  Plaintiff(s),

                                     07-cv-06205(LAK)

    v.

Dewalt Industrial Tool Co., et al.,

                  Defendant(s).

- - - - - - - - - - - - - - - - - - - - - - - - - x


## Consent Scheduling Order

Upon consent of the parties, it is hereby

ORDERED as follows:

1.    No additional parties may be joined after   October 30, 2007

2.    No amendments to the pleadings will be permitted after  October 30, 2007

3.    The parties shall make required Rule 26(a)(2) disclosures with respect to:

    (a)  expert witnesses on or before  Pl by Jan 15, 2008

    (b)  rebuttal expert witnesses on or before  Df by Feb 1, 2008

4.    All discovery, including any depositions of experts, shall be completed on or before  March 1, 2008

5.    A joint pretrial order in the form prescribed in Judge Kaplan's individual rules shall be filed on or before  April 1, 2008

6.    No motion for summary judgment shall be served after the deadline fixed for submission of the pretrial order.  The filing of a motion for summary judgment does not relieve the parties of the obligation to file the pretrial order on time.

7.    If any party claims a right to trial by jury, proposed voir dire questions and jury instructions shall be filed with the joint pretrial order.

8.    Each party or group of parties aligned in interest shall submit not less than ten (10) days prior to trial (a) a trial brief setting forth a summary of its contentions and dealing with any legal and evidentiary problems anticipated at trial, and (b) any motions in limine.

9.    This scheduling order may be altered or amended only on a showing of good cause not foreseeable at the date hereof.  Counsel should not assume that extensions will be granted as a matter of routine.


Dated:

                                          Lewis A. Kaplan
                             United States District Judge

CONSENTED TO:  [signatures of all counsel]

AFFIDAVIT (of SERVICE UPON A CORPORATION)

INDEX # 07CV6205LAK

U S District COURT OF THE STATE OF NEW YORK
COUNTY OF Southern

CALINOFF/KATZ
140 East 45th Street 1
NEW YORK
NY 10017

Vitoli Mourzakhanov

- against -

Dewalt Industrial Tool Co Dewalt                          (212) 826-8800
Construction Tools & Black & Decker (Us) Inc

Atty File #                    Record # 105678    File # 23

STATE OF NEW YORK: COUNTY OF NASSAU: ss        Return Date 01/10/08

Howard  Kwastel  Lic #0940927 being duly sworn deposes and says deponent
is not a party to this action and is over the age of eighteen years
and resides in the state of New York:

That on 12/06/07 at 10:55am  at 2393 Butler Place Bronx Ny 10462
deponent served the within Subpoena Duces Tecum & $15.00 Tendered
by personally delivering to and leaving with Maria Antonacchio
for Crestwood Mechanical Inc
a true copy thereof, and that deponent knew the person so served
to be the Managing Agent and stated (s)he was authorized to
accept legal papers for the corporation.

A description of the person served is as follows:

Approx Age: 50 Years  Approx Weight: 175 Lbs.  Approx Height: 5'5"
Sex: Female  Color of Skin: White   Color of Hair: Black
Other:

Sworn to before me this 12/06/07
Jeffrey Wittenberg #41-4906457
Notary Public, State of New York
Nassau County, Commission Expires 08/22/10       Howard  Kwastel  Lic #0940927

Supreme Judicial Services, Inc.
371 Merrick Road - Rockville Centre, N.Y. 11570 - (516) 825-7600
255 Broadway - New York, N.Y. 10007 - (212) 319-7171
Fax (516) 568-0812

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

VITOLI MOURZAKHANOV,

                Plaintiff,                   SUBPOENA DUCES TECUM

     -against-

                              Civil Action No.: 07 CV 6205(LAK)

DEWALT INDUSTRIAL TOOL CO.,
DEWALT CONSTRUCTION TOOLS and
BLACK AND DECKER (U.S.) INC.,

                Defendants.

------------------------------------------------------------X

TO:    Crestwood Mechanical Inc.
       2393 Butler Place
       Bronx, New York  10462

    **YOU ARE COMMANDED TO APPEAR** at the law offices of Calinoff & Katz LLP, 140 East 45th Street, 17th Floor, New York, New York 10017, on the 10th day of January, 2008, at 10:00 o'clock in the forenoon of that date, to testify at the taking of a deposition in the above referenced case, pending in the United States District Court for the Southern District of New York.

    **YOU ARE FURTHER COMMANDED** to produce any and all documents relating to the incident, including but not limited to:

    (1) all personnel records for plaintiff, Vitoli Mourzakhanov;

    (2) all records relating to the DeWalt and/or Black & Decker reciprocating saw;

    (3) Plaintiff, Vitoli Mourzakhanov's complete Workers' Compensation File;

    (4) all OSHA records relating to inspections and investigations between the years 2000 and 2006;

(5) all accident reports maintained by your company in the regular course of business for the years 2000 to 2006;

(6) all incident reports made to insurance companies for the years 2000 to 2006, as well as, anything used by you to refresh your recollection regarding the aforesaid events.

This subpoena has been issued by the United States District Court for the Southern District of New York. You should contact the attorney whose address and telephone number are listed below to make arrangements concerning any changes in the time or date of your appearance as a witness in this matter. Unless you make an agreement to appear at a different time and place, your failure to appear at the time and place set out in this subpoena may result in punishment for contempt of court.

Pursuant to the requirements of Rule 45(a)(1)(D) of the Federal Rules of Civil Procedure, a copy of the provisions of Rule 45(c) and (d) of the Federal Rules of Civil Procedure are reproduced as an attachment to this subpoena.

Dated: New York, New York
       November 29, 2007

Yours, etc.,

CALINOFF & KATZ LLP

BY: _____
    Robert A. Calinoff (RAC5743)
    Attorneys for Defendant
    BLACK & DECKER (U.S.) INC. s/h/a
    DEWALT INDUSTRIAL TOOL CO.
    DEWALT CONSTRUCTION TOOLS
    and BLACK AND DECKER (U.S.) INC.
    140 East 45th Street
    17th Floor
    New York, New York  10017
    (212) 826-8800

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

    (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

    (2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

    (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

    (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

        (i) fails to allow reasonable time for compliance;

        (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

        (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

        (iv) subjects a person to undue burden.

    (B) If a subpoena

        (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

        (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

        (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

    (1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

    (B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

    (C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

    (D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

    (2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

    (B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

# THE DURST LAW FIRM, P.C.

John E. Durst, Jr. *
*Of Counsel:*
Moses Apsan **
Andrew Bersin *
Jeffrey Galperin *
Jaghab, Jaghab & Jaghab

   A Professional Corporation of Attorneys
  *  Admitted NY
  **  Admitted NY and NJ

☐ *Newark Office:*
Durst & Apsan
400 Market Street
Newark, NJ 07105
(973) 465-7600
Fax: (973) 465-3936

☐ *Main Office:*
The Durst Law Firm, P.C
319 Broadway
New York, NY 10007
(212) 964-1000
Fax: (212) 964-1400

E-Mail: john@nynylaw.com
Web Page: http://\\www.nynylaw.com

December 20, 2007

Robert A. Calinoff, Esq.
Calinoff & Katz LLP
140 East 45th Street, 17th Floor
New York, NY 10017

      Re: Mourzakhanov v. Black & Decker (U.S.) Inc.

Dear Mr. Calinoff:

     We are expressing in writing the agreement to hold Examination Before Trial in the mentioned case on the following dates:

     The witness Crestwood Mechanical will be deposed and videotaped in your office at 10:00am on January 10, 2008. Your office will order the reporter.

     The plaintiff will be disposed and videotaped in our New York office at 10:00am on January 17, 2008. Your office will order the reporter.

     The defendant Black and Decker's representative will be disposed in your office on a date in February, to be determined.

     Please advise us immediately if this is not an accurate reflection of the agreement. We appreciate your attention to this matter.

               Very truly yours,

               Gary L. Heisel
               Legal Assistant

EXHIBIT C

# THE DURST LAW FIRM, P.C.

John E. Durst, Jr. *
*Of Counsel:*
Moses Apsan **
Andrew Bersin *
Jeffrey Galperin *
Jaghab, Jaghab & Jaghab

A Professional Corporation of Attorneys
* Admitted NY
** Admitted NY and NJ

☐ *Newark Office:*
Durst & Apsan
400 Market Street
Newark, NJ 07105
(973) 465-7600
Fax: (973) 465-3936

☑ *Main Office:*
The Durst Law Firm, P.C
319 Broadway
New York, NY 10007
(212) 964-1000
Fax: (212) 964-1400

E-Mail: john@nynylaw.com
Web Page: http:\\www.nynylaw.com

January 8, 2008

Robert A. Calinoff, Esq.
Calinoff & Katz LLP
140 East 45th Street, 17th Floor
New York, NY 10017

        Re: Mourzakhanov v. Black & Decker (U.S.) Inc.

Dear Mr. Calinoff:

    We are expressing in writing the agreement to hold Examination Before Trial in the mentioned case on the following dates:

    The plaintiff will be disposed and videotaped in our New York office at 10:00am on January 17, 2008. Your office will order the reporter.

    The witness Crestwood Mechanical will be deposed and videotaped in your office at 2:00pm on January 28, 2008. Your office will order the reporter.

    The defendant Black and Decker's representative will be disposed and videotaped in your office at 10:00am on February 5, 2008. Our office will order the reporter.

    Please advise us immediately if this is not an accurate reflection of our agreement. We appreciate your attention to this matter.

                                    Very truly yours,

                                    Gary Z. Heisel
                                    Legal Assistant

EXHIBIT D

**CALINOFF & KATZ** LLP

ROBERT A. CALINOFF
RCALINOFF@CANDKLAW.COM

January 16, 2008

<u>VIA TELECOPIER AND REGULAR MAIL</u>

John E. Durst, Jr.
THE DURST LAW FIRM, P.C.
319 Broadway
New York, New York  10007

Re: Mourzakhanov vs. Black & Decker (U.S.) Inc.

Dear John:

I was disturbed to learn that plaintiff will not be available for his deposition tomorrow, January 17, 2008, due to the fact that he is still in Russia.  However, this will confirm my telephone conversation with Gary wherein the deposition has been rescheduled to January 22, 2008 at 10:00 A.M. at your office.  Kindly make every effort to have plaintiff available at that time since you are well aware that time is of the essence in the completion of discovery in this matter.  Thank you for your courtesy and cooperation.

Very truly yours,

Robert A. Calinoff

RAC:cb

LAW OFFICES OF CALINOFF & KATZ LLP
{00004236.DOC}
140 EAST 45TH STREET, 17TH FLOOR • NEW YORK, NY 10017-3144 • TEL: 212.826.8800 • FAX: 212.644.5123

EXHIBIT E

STATE OF NEW YORK    )
                     :ss
COUNTY OF NEW YORK )


     Courtney Kreps, being duly sworn, deposes and says:

     Deponent is not a party to the action, is over 18 years of age and resides in Nassau County, New York;

     On March 25, 2008, deponent served the within REPLY AFFIDAVIT upon:

John E. Durst, Jr.
The Durst Law Firm, P.C.
Attorneys for Plaintiff
319 Broadway
New York, New York  10007

by depositing a true copy of same enclosed in a post paid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.


                                         Courtney Kreps

Sworn to before me this
25th day of March, 2008


     Notary Public

       **CLAUDIA BLANCHARD**
     **Notary Public, State of New York**
        **No. 01BL6160575**
     **Qualified in Queens County**
   **Commission Expires Feb. 12, 20**

{00003748.DOC}

00003748